While the trial judge in this matter is no doubt accomplished and well-versed in conducting criminal proceedings, I would grant and docket this matter to examine whether the colloquy between defendant and the trial court should be conducted in accord with procedures set forth in State v. Touchet , 1993-2839 (La. 9/6/94), 642 So.2d 1213. In my view, this Court is missing a valuable opportunity to provide guidance on the best practice for trial courts across the State in conducting hearings in this unprecedented area of the law. See McCoy v. Louisiana , --- U.S. ----, 138 S.Ct. 1500, 200 L.Ed.2d 821 (2018). Under the trial court's present ruling, the State will *183 be present while the court poses questions to the defendant, with the possibility that defendant may disclose defense strategy or make inculpatory statements, thereby giving the State an unfair advantage. Again, while I find no error in the trial court's ruling and absolutely do not presume the trial court will commit error during its hearing, I simply believe this Court should exercise its supervisory jurisdiction in this capital case in order to address this new frontier for all lower courts. See generally Krogmann v. State , 914 N.W.2d 293, 313-315 (Iowa 2018) (summarizing the development of this area of law from Faretta through McCoy ), State v. Bridgewater , 00-1529 (La. 1/15/02), 823 So.2d 877 (on reh'g ) (discussing a Faretta colloquy correctly conducted ex parte , pre-McCoy ), and Faretta v. California , 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (recognizing a Sixth Amendment right to self-representation for a defendant who is "made aware of the dangers and disadvantages of self-representation").